# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, et al., | ) | CASE NO. 5:13-mc-49 |
| | ) | |
| | ) | |
| APPELLANTS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| TODD A. JOHNSTON, et al., | ) | |
| | ) | |
| | ) | |
| APPELLEES. | ) | |

This matter is before the Court on appellants' motion for leave to appeal (Doc. No. 1) from an order entered by the United States Bankruptcy Court for the Northern District of Ohio. (Order re: Deadlines Related to Discovery, *Johnston v. MidFirst Bank*, Adv. Pro. No. 11-05080, (Bankr. N.D. Ohio May 24, 2013), Doc. No. 58.) For the reasons set forth below, the motion is DENIED.

## I. PROCEDURAL HISTORY

In May 2010, Todd and Tracy Johnston ("appellees") filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. *In re Johnston*, No. 10-52107 (Bankr. N.D. Ohio). The voluntary bankruptcy petition begat an adversary proceeding by appellees against MidFirst Bank and Midland Mortgage Co. ("appellants"), also in the United States Bankruptcy Court for the Northern District of Ohio.

*Johnston v. MidFirst Bank*, Adv. Pro. No. 11-05080 (Bankr. N.D. Ohio).[1] The adversary proceeding begat the motion for leave to appeal to this Court. Of course, the controversy is more complicated than a recitation of its genealogy.

The adversary proceeding arose as a counterclaim to appellants' proof of claim in the Chapter 13 proceedings. (*See* Adv. Pro., Doc. No. 1 at 2.) Appellees claim that appellants' faulty servicing of their home mortgage led appellants to improperly foreclose on appellees' home.[2] (*Id.*) Appellees assert claims under the bankruptcy code, state tort and contract law, the Real Estate Settlement Procedures Act, the Ohio Consumer Sales Practices Act, and the Fair Debt Collection Practices Act. (*Id.* at 6–10.)

In March 2012, a year after the adversary proceeding began, appellants raised the discovery dispute that brings the parties before this Court, filing a motion for protective order as to further written discovery. (Adv. Pro., Doc. No. 34.) Appellants sought a protective order as to a host of interrogatories and requests for production of documents, only some of which still remain at issue. (*See id.* at 5–8.) A hearing was held on May 24, 2013, during which the bankruptcy court made multiple rulings on the record as to some of the remaining disputed interrogatories and requests for production of documents, reserving ruling on others. (*See* Adv. Pro., Doc. No. 58 at 1–2.)

Appellants then filed in this Court the motion for leave to appeal (Doc. No. 1) the bankruptcy court's May 24 order pursuant to 28 U.S.C. § 158(a)(3). ("The district courts of the

---

[1] All references to *Johnston v. MidFirst Bank*, Adv. Pro. No. 11-05080 (Bankr. N.D. Ohio) will be cited as (Adv. Pro.). The documents cited can be found on the docket of the United States Bankruptcy Court for the Northern District of Ohio.

[2] The mortgage was executed in favor of First Financial Mortgage Corp. and was later assigned to MidFirst Bank. Midland Mortgage Co. serviced the loan on behalf of MidFirst Bank. (Adv. Pro., Doc. No. 34 at 3.) Both MidFirst and Midland are parties to the motion currently before the Court; therefore, the Court will refer to the entities solely as "appellants."

2

United States shall have jurisdiction to hear appeals . . . with leave of the court, from other [bankruptcy court] interlocutory orders and decrees.") In the adversary proceeding, appellants filed a notice of appeal.[3] (*See* Adv. Pro., Doc. No. 60.) Additionally, appellants filed a motion to stay the adversary proceeding pending this Court's resolution of their motion for leave to appeal (Adv. Pro., Doc. No. 62), and a motion for written decision relating to the motion for protective order. (Adv. Pro., Doc. No. 63.) Both motions were denied. (Adv. Pro., Doc. No. 72.)

## II.  LAW AND ANALYSIS

Appellants seek leave to appeal from the bankruptcy court's order issued from the bench during a hearing on May 24, 2013, granting in part and denying in part their motion for protective order. Appellants object to three main categories of discovery ordered by the bankruptcy court in the May 24 hearing: (1) policies and procedures of appellants related to servicing mortgages; (2) deposition of a non-party; and (3) compensation information. (Doc. No. 1 at 6.) To describe the exact scope of the May 24 discovery order and the objections to it, the Court would have to make numerous factual interpretations of the record. Such interpretations approximate review of the bankruptcy court's decision, wholly inappropriate when the Court is determining whether to grant review at all. Moreover, as explained more fully below, appeals from bankruptcy courts' interlocutory orders should not, at any stage, require close record review.

---

[3] Here, appellants state their intention that "this Notice of Appeal and Motion for Leave to Appeal [] incorporate the subsequent order and findings of the Bankruptcy Court regarding the Appellants' Motion for Protective Order." (Doc. No. 1 at 3.) The Court is confounded by this statement, insofar as it suggests that the Court can review orders that have not yet been made. Nor will the Court haunt the bankruptcy court's docket like a specter, waiting to swoop down and spirit away that court's discovery orders as they are made. Accordingly, the Court will consider only the objections contained within the four corners of the motion before it. The Court will not review other orders of the bankruptcy court and makes reference to such orders only as they more fully explain the procedural history of the discovery dispute before it. That said, the Court does note that, on July 9, 2013, the bankruptcy court denied the motion for a written decision (Adv. Pro., Doc. No. 72 at 12), indicating that its rulings are contained in the May 24 hearing transcript. Therefore, as it turns out, there is no "subsequent [written] order" to review and all references

3

The parties agree, as does the Court, that the bankruptcy court's May 24 order is an interlocutory order.[4] An appeal from a bankruptcy court's interlocutory order may be maintained only with leave from this Court. 28 U.S.C. § 158(a)(3). Though the Bankruptcy Rules do not provide standards for determining when the district court ought to grant leave to appeal from an interlocutory order, courts faced with the issue have adopted the standards of 28 U.S.C. § 1292(b),[5] which sets forth the standards for court of appeals' jurisdiction over interlocutory appeals from district courts and provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . .

28 U.S.C. § 1292(b). Broken down, this section sets forth four prerequisites for an interlocutory appeal: (1) a question of law; (2) that is controlling; (3) as to which there is substantial ground for difference of opinion; and (4) an immediate appeal of which would materially advance the ultimate termination of the litigation. *In re Wicheff*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998) (quoting *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)). Limited to

---

herein to bankruptcy court rulings are to the transcript of the May 24 hearing.

[4] "As a general matter, discovery orders are interlocutory and not immediately appealable." *In re Gray*, 447 B.R. 524, 531 (Bankr. E.D. Mich. 2011) (citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006)).

[5] In its research, the Court has unearthed some cases that do not apply the § 1292(b) standard for interlocutory appeals from bankruptcy courts. *See Mishkin v. Ageloff*, 220 B.R. 784, 791 (Bankr. S.D.N.Y. 1998) ("a flexible approach to the concept of finality in the bankruptcy context supports a similarly flexible approach to the standard for granting interlocutory appeals from interlocutory orders of a bankruptcy court"); *In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999) (same). No workable standards have emerged from these decisions, and this Court will not deviate from the vast majority of courts, including the bankruptcy appellate panel of the Sixth Circuit, that apply the § 1292(b) interlocutory appeals requirements to bankruptcy appeals. *See In re Wicheff*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998); *In re Brannan*, Misc. Action No. 13-0001, 2013 WL 838240, at *2 n.4 (S.D. Ala. Mar. 5, 2013) (collecting cases).

4

exceptional cases, leave to file an appeal from a bankruptcy court's interlocutory order should be granted only sparingly. *Id*. The appellants have not met these requirements, nor have they presented an exceptional case that would justify granting leave to appeal.

### A.  Question of Law

A question of law, for purposes of § 1292(b), is a pure question of law and not just an issue that is free from factual disputes. *In re Brentwood Golf Club, LLC*, 329 B.R. 239, 243 (E.D. Mich. 2005). A question of law should not require close review of the record to decide; however, it can regard a discovery dispute. *Id*. at 243–44 (quoting *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)).

The ruling at issue here is not a pure question of law but is a discovery order wholly dependent on and unique to the facts of this case. Indeed, even determining the full scope of the ruling, which is not apparent from the parties' pleadings, requires record review and determinations of fact. Quite simply, there is no pure question of law before the Court as to any of the disputed matters.

### B.  Controlling Question of Law

A question of law is controlling when reversal of the order would terminate the action or a determination of the issue on appeal would materially affect the outcome of the litigation. *In re Traversa*, 371 B.R. 1, 5 (D. Conn. 2007); *see also Brookins v. Coldwell Banker*, No. 02C3424, 2003 WL 1720028, at *2 (N.D. Ill. Mar. 31, 2003) (discovery order not dispositive of any issue). Questions of fact involving the sound discretion of the presiding court are not controlling questions of law. *Id*. (ruling on motion to seal confidential or defamatory information did not involve controlling question of law); *see also In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012) (discovery decision as to privilege was in discretion of court and

5

not controlling question of law). On the other hand, whether the court had subject matter jurisdiction, *Patrick v. Dell Fin. Serv.*, 366 B.R. 378, 386 (M.D. Pa. 2007), whether a state would recognize a particular tort, *In re Dwek*, Civ. No. 3:09-cv-5046, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010), whether an unsecured creditor had standing in a Chapter 7 action, *In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa. 2004), and whether a motion to strike a jury demand was properly granted, *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006), were all controlling questions of law for the purposes of an interlocutory appeal from a bankruptcy court order. Each question was a question of law that would require reversal if the bankruptcy courts' decisions were incorrect.

Here, the discovery issues are not controlling issues of law but are factual determinations left to the sound discretion of the bankruptcy court. Indeed, motions for leave to appeal discovery orders from bankruptcy courts are generally denied for want of controlling issues of law. *See, e.g.*, *In re Handloser*, No. 4:11MC00015, 2011 WL 6934379 (E.D. Ark. Aug. 5, 2011) (discovery orders do not present controlling issues of law); *Marasek v. Wilentz, Goldman & Spitzer*, No. 12-cv-5422, 2013 WL 2352701 (D.N.J. May 29, 2013) (same); *Zhou v. Gonzalez*, Nos. 1:10-CV-61 RM, 1:09-CV-291, 2010 WL 1838436 (N.D. Ind. May 6, 2010); *Countrywide Home Loans, Inc. v. Office of the United States Tr.*, Civil Action No. 08-617, 2008 WL 2388285 (W.D. Pa. June 11, 2008) ("Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceedings-the bankruptcy judge.") (citation omitted).

## C.  Substantial Grounds for Difference of Opinion

There are substantial grounds for difference of opinion when, for example, the

6

issue is a difficult issue of first impression. *Marlin v. United States Tr.*, 333 B.R. 14 (W.D.N.Y. 2005). When precedent on the issue presented is relatively thin, as in Rule 2019 disclosures, the substantial grounds requirement can be met. *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). There are not substantial grounds for difference of opinion under § 1292(b) when, conversely, a litigant merely disagrees with the bankruptcy court's order. *In re Shafer*, Civil Nos. 09-3575, 09-4254, 2009 WL 3334877, at *1 (D.N.J. Oct. 14, 2009). Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard. *Patrick*, 366 B.R. at 386.

Rule 26 of the Federal Rules of Civil Procedure,[6] some of the law's most well-trodden ground, undergirds the discovery dispute before the Court. These are not new issues; nor are they novel. The correct legal standard is certain, and precedent on these issues abounds. Appellants do not agree with the bankruptcy court's orders, but that disagreement, without more, does not provide a pathway for an interlocutory appeal.

### D. Materially Advancing Litigation

An interlocutory appeal materially advances termination of litigation when the appeal avoids protracted litigation. *United States v. Bond*, No. 09-CV-1824, 2009 WL 3254472 (E.D.N.Y. Oct. 9, 2009). Though an interlocutory appeal might obviate the need for an evidentiary hearing, the appeal does not materially advance the litigation under § 1292(b) unless it would also relieve the parties of a significant burden, altering the course of the litigation. *Id*. At the very least, the outcome of the interlocutory appeal ought to simplify the remaining issues. *Id*.;

---

[6] Because the underlying dispute is an adversary proceeding, Rule 26 of the Federal Rules of Civil Procedure, not Rule 2004 of the Federal Rules of Bankruptcy Procedure, applies. *See* Fed. Rules Bankr. Proc. Rule 7026, 11 U.S.C.A. ("Rule 26 F.R. Civ. P. applies in adversary proceedings.").

*see also In re Tullius*, No. EP-11-mc-365, 2011 WL 5006673, at *3 (W.D. Tex. Oct. 20, 2011) (interlocutory appeal regarding request for production would not materially advance litigation because it would not streamline issues or simplify proceeding). When, conversely, the interlocutory appeal might result in *more* discovery, it does not materially advance the litigation. *Traversa*, 371 B.R. at 5. The Court finds the following quote particularly prescient on the issue: "Leave to appeal discovery orders would be an invitation to numerous and disruptive delays while interlocutory appeals were considered." *Mitsubishi Int'l Corp. v. Prepetition Senior Lenders*, No. IP 11-1468, 2000 WL 1902188, at *2 (S.D. Ind. Dec. 19, 2000). If the goal is to advance litigation, interrupting adversary proceedings to provide double review of routine discovery orders should be anathema.

Superficially, this Court's ruling on the discovery disputes could shorten the discovery in this litigation: if the Court were to accept this appeal and prohibit the discovery still at issue, the parties would be spared what little time and expense these requests require. It would not, however, materially advance the termination of the underlying adversary proceeding. First, overturning the bankruptcy court's discovery rulings would likely force the plaintiffs to conduct even more discovery to obtain or to try to obtain the requested information. Second, denying the discovery requests would not alter the course of the litigation or simplify the issues. Appellants' servicing of appellees' loan would remain the disputed issue. Prohibiting discovery of policy manuals or forbidding a deposition would not change or simplify that issue. Finally, and most importantly, granting leave to appeal these discovery orders would certainly invite numerous and disruptive delays, both while the Court considers this appeal and in any future interlocutory appeal collateral to the adversary proceeding's main issues that the parties choose to file.

### III. CONCLUSION

Appellants' objections to the bankruptcy court's orders do not justify granting leave to file an interlocutory appeal. For the reasons set forth above, that motion is DENIED. This case is closed.

**IT IS SO ORDERED**.

Dated: February 21, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9